In the Matter of GODWIN R. VALDEZ (Admitted as GODWIN REYES VALDEZ), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 29, 1993

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Godwin R. Valdez,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Godwin R. Valdez was admitted to the practice of law in New York by the Second Judicial Department on May 27, 1981, under the name Godwin Reyes Valdez. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On January 27, 1989, in the United States District Court for the Southern District of New York, respondent pleaded guilty to the crime of falsely representing himself to be a citizen of the United States in violation of 18 USC § 911 and on March 30, 1989, was sentenced to time served. On January 6, 1989, respondent pleaded guilty in said court to conspiring to make false statements to the Immigration and Naturalization Service in violation of 18 USC § 371 and on December 1, 1989 was sentenced to two years' imprisonment, which was suspended, and two years' probation. Both crimes are felonies under the laws of the United States. On March 31, 1992, this Court deemed the crimes of which respondent was convicted "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directed the Departmental Disciplinary Committee to hold a hearing and issue a report and recommendation to the Court as to why a final order of censure, suspension or disbarment should not be entered.

At a hearing held on July 7, 1992, at which respondent did not answer or appear, the Hearing Panel received in evidence copies of the indictments filed against respondent, copies of the plea minutes in which respondent pleaded guilty and copies of the judgments which reflect his guilty pleas. At the completion of the hearing, the Hearing Panel issued an oral report and recommendation on the record. The Panel concluded that respondent has been found guilty of two Federal felonies which are "very serious". The Panel set forth its understanding that respondent had been deported and stated that although he was unlikely to return to the United States and apply for readmission, the Panel would recommend disbarment. Subsequent to the hearing, staff counsel received a letter from respondent requesting leniency; the Panel reopened the hearing and, upon review of the letter, adhered to its original recommendation of disbarment. The Panel recommended, however, that the Court keep the letter under seal.

The Departmental Disciplinary Committee now seeks an order confirming the Hearing Panel's report and imposing the recommended sanction.

We agree with the findings and conclusions of the Hearing Panel and, in view of both the serious nature of the crimes of which respondent has been convicted and the fact that he has offered no defense for his conduct, we find the recommendation of disbarment appropriate.

Accordingly, petitioner's motion is granted, respondent is disbarred and his name is to be stricken from the roll of attorneys forthwith. All copies of the June 29, 1992 letter submitted by respondent are to be kept under seal.

SULLIVAN, J. P., MILONAS, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Motion granted, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective forthwith.